**QUAN GUAN GAO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Eric H. Holder Jr., Attorney General,\* Respondents.**

**No. 07–4978–ag.**

United States Court of Appeals, Second Circuit.

Aug. 18, 2009.

Yee Ling Poon, New York, NY, for Petitioner.

Michael F. Hertz, Acting Asst. Atty. General; Blair T. O'Connor, Asst. Director; Donald A. Couvillon, Atty., Office of Immigration Litigation, U.S. Department of Justice, Wash., D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Quan Guan Gao, a native and citizen of the People's Republic of China, seeks review of the October 30, 2007 order of the BIA, affirming the October 17, 2006

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former acting Attorney General Peter D. Keisler as a respondent in this case.

decision of Immigration Judge ("IJ") Sandy K. Hom denying his motion to reopen. *In re Quan Guan Gao,* No. A072 473 623 (B.I.A. Oct. 30, 2007), *aff'g* No. A072 473 623 (Immig. Ct. N.Y. City Oct. 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Gao's untimely and number-barred motion to reopen.

Gao argues that the BIA erred in concluding that he failed to demonstrate material changed country conditions sufficient to excuse the time and numerical limitation for filing his motion to reopen. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely and number-barred motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Gao's argument that the BIA engaged in improper fact-finding in relying on its prior evaluation of the *Guo* documents is similarly without merit. *See Jian Hui Shao,* 546 F.3d at 169. The BIA reviewed the record on appeal, and relying on its prior evaluation of similar documents in *Matter of S–Y–G–,* 24 I. & N. Dec. 247 (BIA 2007), acted well within its authority to conclude that Gao had not established changed country conditions. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *see also Jian Hui Shao,* 546 F.3d at 169.

Finally, we find no merit to Gao's argument that the time and numerical limitations applicable to motions to reopen do not apply to his motion because the underlying removal order was issued *in absentia. See Alrefae v. Chertoff,* 471 F.3d 353, 357–58 (2d Cir.2006) (discussing the difference between motions to rescind an *in absentia* order and motions to reopen based on changed country conditions). To the extent that the BIA failed to consider this argument, we find that remand would be futile because we can confidently predict that it would again deny Gao's motion to reopen on the same grounds. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).